IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF UTAH
_____

WILLIAM HENRY SHERRATT,           )    **MEMORANDUM DECISION & ORDER**
                                  )    **DENYING HABEAS PETITION**
        Petitioner,               )
                                  )    Case No. 2:10-CV-255 CW
    v.                            )
                                  )    District Judge Clark Waddoups
UTAH BD. OF PARDONS et al.,       )
                                  )
        Respondents.              )
_____

Petitioner, William Henry Sherratt, filed this amended habeas corpus petition,[1] in which he attacks the same conviction he attacked in prior petitions that this Court denied.[2] The Court thus determines that the current amended petition should be denied as "second or successive."[3]

## "SECOND OR SUCCESSIVE" ANALYSIS

The Court lacks jurisdiction over this second or successive amended habeas application absent prior authorization from the Tenth Circuit Court of Appeals.[4] Because Petitioner has not

---

[1] *See* 28 U.S.C.S. § 2254 (2011).

[2] *See Sherratt v. Friel*, No. 2:06-CV-1056 PGC (D. Utah June 15, 2007) (denying habeas relief, against Petitioner's claim that BOP is keeping him incarcerated longer than it should, because no federal right is violated when parole is not granted before expiration of valid sentence--in this case, span extending to life in prison, and, against Petitioner's claim that BOP has violated Utah's rules regarding proceedings determining parole eligibility, because these "violations" could only violate Utah Constitution, not Federal Constitution); *Sherratt v. Friel*, No. 2:05-CV-8855 TC (D. Utah Sept. 24, 2007) (denying habeas relief based on passage of period of limitation and denying assertions of statutory and equitable tolling and actual innocence), *aff'd*, 2008 U.S. App. LEXIS 8828 (10th Cir. 2008), *cert. denied*, 555 U.S. 1002 (2008).

[3] *See* U.S.C.S. § 2244(b) (2011).

[4] *See id.* § 2244(b)(3)(A).

sought such authorization, the Court may not consider the merits of the petition.

Under 28 U.S.C.S. § 1631 (2011), the Court has discretion to transfer this misfiled petition to the court of appeals "if . . . it is in the interest of justice."  In determining here that a transfer would not be in the interest of justice, the Court has examined

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[5]

First, the issue of a time bar is applicable here.  In a past order in an earlier case denying Petitioner habeas relief, this Court denied many of the same claims brought here as time barred.  These allegations include the unsworn nature of the original criminal complaint; the unsworn, unverified nature of the original charging information; violation of Petitioner's rights when he was arraigned, bound over and taken to trial before the same judge; ineffective assistance of counsel, both at trial and on direct appeal; denial of rights regarding religion; the prosecution's withholding of *Brady* evidence; and new evidence regarding the victim's confession.  In particular, Petitioner's

---

[5]*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

assertions of new evidence supporting his actual innocence were extensively analyzed and rejected in that order.[6]

Second, these claims clearly lack merit in that they have gone the rounds of direct appeal and post-conviction relief, both in the state courts and in this Court, and have been repeatedly rejected.[7]

Third, it should have been obvious to Petitioner, upon filing claims redundant of those raised and denied in his many earlier cases, that his current petition was not filed in good faith and that this Court would lack jurisdiction over such a second or successive petition.

**OTHER CLAIM**

---

[6]*Sherratt*, No. 2:05-CV-8855 TC (denying habeas relief based on passage of period of limitation and denying assertions of statutory and equitable tolling and actual innocence).
  Petitioner's current allegations are somewhat confusing, but the Court believes they were addressed in its previous orders. If Petitioner thinks there is some different issue not addressed by the Court previously, Petitioner is free to bring a request to the Tenth Circuit for permission to file a second or successive petition.

[7]*See, e.g., Sherratt*, No. 2:06-CV-1056 PGC (denying habeas relief, against Petitioner's claim that BOP is keeping him incarcerated longer than it should, because no federal right is violated when parole is not granted before expiration of valid sentence--in this case, span extending to life in prison, and, against Petitioner's claim that BOP has violated Utah's rules regarding proceedings determining parole eligibility, because these "violations" could only violate Utah Constitution, not Federal Constitution); *Sherratt*, No. 2:05-CV-8855 TC (denying habeas relief based on passage of period of limitation and denying assertions of statutory and equitable tolling and actual innocence); *Sherratt v. Utah,* 2010 UT App 167, *cert. denied*, 245 P.3d 757 (Utah 2010); *Utah v. Sherratt*, 2009 UT App 229, *cert. denied*, 221 P.3d 837 (Utah 2009); *Sherratt v. Friel*, 2006 UT App 286, *cert. denied*, 150 P.3d 58 (Utah 2006); *Sherratt v. Friel*, 2004 UT App 364, *cert. denied*, 123 P.3d 815 (Utah 2005), *cert. denied*, 546 U.S. 1077 (2005); *Sherratt v. Friel*, 2003 UT App 269, *cert. denied*, 84 P.3d 239 (Utah 2004), *cert. denied*, 543 U.S. 830 (2004);

3

The petition also raises issues regarding the execution of Petitioner's sentence, which the Court construes as claims under 28 U.S.C.S. § 2241 (2011). In particular, Petitioner contends that the Utah Board of Pardons (BOP) violated his rights by not observing its own procedural rules and by extending Petitioner's term of incarceration beyond the matrix or other measuring sticks Petitioner raises--e.g., the length of time "similarly situated" convicts have served. These issues were raised in a prior petition in this Court and rejected, as noted above.[8]

The Court repeats, under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[9] As to BOP's decision about the length of Petitioner's prison stay and its compliance with its own hearing procedures, Petitioner never states how his federal rights have been violated. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span extending to life in

---

[8] *Sherratt*, No. 2:06-CV-1056 PGC (denying habeas relief, against Petitioner's claim that BOP is keeping him incarcerated longer than it should, because no federal right is violated when parole is not granted before expiration of valid sentence--in this case, span extending to life in prison, and, against Petitioner's claim that BOP has violated Utah's rules regarding proceedings determining parole eligibility, because these "violations" could only violate Utah Constitution, not Federal Constitution).

[9] 28 U.S.C.S. § 2241(c) (2011).

4

prison.[10]  Neither does the Utah law create a liberty interest entitling prisoners to federal constitutional protection.[11]

The Court also considers Petitioner's some of arguments regarding parole-determination procedures as based on alleged violations of state law.  Utah law is neither controlling nor persuasive in this federal case.  It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States.[12]  Errors of state law do not constitute a basis for relief.[13]  Petitioner thus has no valid argument here grounded on state law.

## CONCLUSION

The Court lacks jurisdiction to review this second or successive petition.  And, it determines that it is not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals.

Further, Petitioner's claims regarding the execution of his sentence, under 28 U.S.C.S. § 2241 (2011), are refused as second or successive and because he has not shown a federal

---

[10] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

[11] *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

[12] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[13] *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

5

constitutional violation.

IT IS THEREFORE ORDERED that this amended habeas corpus petition is DENIED.[14]  This case is CLOSED.

DATED this 5th day of August, 2011.

BY THE COURT:

_____
CLARK WADDOUPS
United States Magistrate Judge

---

[14] (*See* Docket Entry # 15.)